# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| COLUMBIA CASUALTY COMPANY, | ) Case No. 1:25-cv-01232 |
| | ) |
| | ) Judge J. Philip Calabrese |
| Plaintiff, | ) |
| | ) Magistrate Judge |
| v. | ) Jonathan D. Greenberg |
| | ) |
| PROVIDENCE HEALTHCARE MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## OPINION AND ORDER

On August 18, 2025, Plaintiff Columbia Casualty Company advised the Court by letter that the parties reached a resolution of their dispute, but that Defendant Providence Healthcare Management was in default of that agreement. Under the circumstances, the Court canceled the initial case management conference and ordered Plaintiff to move to enforce or provide another status report by September 1, 2025. Further, the Court ordered that Defendant file any response to a motion to enforce no later than September 8, 2025. On August 29, 2025, Plaintiff moved to enforce, or, in the alternative, to strike Defendant's answer and enter a default. Defendant did not respond to the motion.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 11, 2025, Plaintiff Columbia Casualty Company sued Defendant Providence Healthcare Management for breach of contract, on an account, and for unjust enrichment based on its alleged failure to pay deductibles for two policies of

aging services healthcare insurance. (ECF No. 1, ¶¶ 6, 16–17, 34 & 39–61, PageID #2–7.) On July 3, 2025, Defendant answered. (ECF No. 7.) According to Plaintiff, after filing the answer, defense counsel advised that it "acknowledged Defendant's deductible obligation to Columbia and notified Columbia that she was working on a settlement offer." (ECF No. 12-1, PageID #69.)

The Court scheduled a case management conference. (ECF No. 8.) In their Rule 26(f) conference, Plaintiff claims that defense counsel presented a settlement offer on behalf of Defendant to pay installments over the course of 10 months, with a payment of $5,000 in August and $5,000 in September, followed by $10,000 each month beginning in October. (ECF No. 12-1, PageID #69.) Further, the parties allegedly agreed to a stipulated judgment that would be for "the full amount claimed in the Complaint along with incurred attorney's fees and costs." (*Id.*, PageID #70.) According to Plaintiff, "[a]t no time was Defendant's offer made contingent upon the execution of a written agreement." (*Id.*; ECF No. 12-2, ¶¶ 4–9, PageID #80; ECF No. 12-4, ¶¶ 5–10, PageID #88.)

On July 24, 2025, Plaintiff formally accepted Defendant's offer, and Plaintiff sent an agreement to Defendant to memorialize the settlement. (ECF No. 12-1, PageID #70; ECF No. 12-2, ¶ 10, PageID #80.) During a call on July 30, 2025, defense counsel confirmed the terms of the settlement but requested another day for Defendant to execute and return the agreement. (ECF No. 12-1, PageID #70; ECF No. 12-4, ¶ 11, PageID #88.) Plaintiff has not heard from Defendant since, despite

2

multiple overtures. (ECF No. 12-1, PageID #70; ECF No. 12-2, ¶ 11, PageID #80; ECF No. 12-3, PageID #83–86; ECF No. 12-4, ¶ 12, PageID #88.)

Defendant failed to pay the first installment under the settlement, which was due on August 15, 2025. (ECF No. 12-1, PageID #70; ECF No. 12-2, ¶ 12, PageID #80.) On August 18, 2025, Plaintiff sent Defendant a notice of default with a deadline to cure of August 23, 2025. (ECF No. 12-1, PageID #70; ECF No. 12-2, ¶ 13, PageID #80.) Defendant failed to cure or respond. (ECF No. 12-1, PageID #70; ECF No. 12-2, ¶ 14, PageID #81.)

On August 18, 2025, Plaintiff advised the Court by letter that Defendant defaulted on the settlement. (ECF No. 10.) The Court ordered Plaintiff to move to enforce by September 1, 2025. (ECF No. 11.) Further, the Court ordered Defendant to respond by September 8, 2025. (*Id.*) On August 29, 2025, Plaintiff moved to enforce. (ECF No. 12.) Defendant did not respond.

## ANALYSIS

District courts exercise an "inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." *Kukla v. National Distillers Prods. Co.*, 483 F.2d 619, 621 (6th Cir. 1973) (quoting *Cia Anon Venezolana De Navegacion v. Harris*, 374 F.2d 33, 36 (5th Cir. 1967)). Ordinarily, the Court must conduct an evidentiary hearing where the parties dispute facts material to an agreement. *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001) (citing *Kukla*, 483 F.2d at 622; and *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976)). But "no evidentiary hearing is required where an agreement is clear

3

and unambiguous and no issue of fact is present." *Id.* (citing *Aro Corp,* 531 F.2d at 1372). Therefore, a court may enforce a settlement agreement where "no substantial dispute exists" regarding its terms and the parties' entry into it. *Id.* (citing *Kukla*, 483 F.2d at 621).

Defendant never responded to Plaintiff's motion to enforce or otherwise disputed Plaintiff's letter, brief, sworn affidavits, and exhibit containing emails between the parties to support the existence of a settlement agreement. (ECF No. 10; ECF No. 12-1; ECF No. 12-2; ECF No. 12-3; ECF No. 12-4.) To determine whether to grant Plaintiff's motion to enforce, the Court must determine (1) whether the parties entered a valid and enforceable agreement and (2) whether Defendant breached that agreement.

## I. Contract Formation

To form a contract, Ohio law requires an "offer, acceptance, contractual capacity, consideration, manifestation of mutual assent, and legality of object and consideration." *Bruzzese v. Chesapeake Expl., LLC*, 998 F. Supp. 2d 663, 669 (S.D. Ohio 2014) (citing *Kostelnik v. Helper,* 96 Ohio St. 3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 16). Additionally, there must be a meeting of the minds between the parties who consent to essential terms, which are definite and certain. *Episcopal Ret. Homes, Inc. v. Ohio Dep't of Indus. Relations*, 61 Ohio St. 3d 366, 369, 575 N.E.2d 134, 137; *Bruzzese*, 998 F. Supp. 2d at 670.

The burden of establishing a contract rests on the party asserting its existence. *Guardian Alarm Co. v. Portentoso*, 196 Ohio App. 3d 313, 2011-Ohio-5443, 963 N.E.2d 225, ¶ 17 (citation omitted). The Ohio Supreme Court recognizes that "a settlement

4

agreement is a contract." *Continental W. Condo. Unit Owners Ass'n v. Howard E. Ferguson, Inc.*, 74 Ohio St. 3d 501, 502, 660 N.E.2d 431, 432 (1996). Moreover, "an oral settlement agreement may be enforceable if there is sufficient particularity to form a binding contract." *Kostelnik*, 2002-Ohio-2985, at ¶ 15 (citing *Spercel v. Sterling Indus., Inc.*, 31 Ohio St. 2d 36, 39, 285 N.E.2d 324, 326 (1972)).

"The existence of a valid agreement is not diminished by the fact that the parties have yet to memorialize the agreement. When parties have agreed on the essential terms of a settlement, and all that remains is to memorialize the agreement in writing, the parties are bound by the terms of the oral agreement." *RE/MAX Int'l*, 271 F.3d at 646 (citing *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988); *Kukla*, 483 F.2d at 621). "[T]he power of a trial court to enforce a settlement agreement has been upheld even where the agreement has not been arrived at in the presence of the court nor reduced to writing." *Kukla*, 483 F.2d at 621.

### I.A.  Offer

All parties must "manifest an intention to be bound by" the contract or agreement. *Bruzzese*, 998 F. Supp. 2d at 673; *Reedy v. The Cincinnati Bengals, Inc.*, 143 Ohio App. 3d 516, 521, 758 N.E.2d 678, 682 (2001). Usually, this manifestation comes in the form of an offer and acceptance. *McSweeney v. Jackson*, 117 Ohio App. 3d 623, 631, N.E.2d 303, 308 (1996). Unless a statute or the contract itself requires otherwise, the parties may manifest their mutual assent through written or spoken words, or by actions or omissions, *id.*, including by silence, *Kostelnik*, 2002-Ohio-2985, at ¶ 15, and email, *North Side Bank & Tr. Co. v. Trinity Aviation, LLC*, 2020-Ohio-1470, 153 N.E.3d 889, ¶ 18 (Ohio Ct. App. 2020).

5

The record shows that defense counsel made a settlement offer—the payment of installments over ten months, as well as a stipulated judgment that would be for "the full amount claimed in the Complaint along with incurred attorney's fees and costs." (ECF No. 12-1, PageID #69–70; ECF No. 12-2, ¶¶ 4–8, PageID #80; ECF No. 12-4, ¶¶ 5–9, PageID #88.) Further, it shows that, "[a]t no time was Defendant's offer made continent upon the execution of a written agreement." (ECF No. 12-1, PageID #70; ECF No. 12-2, ¶ 9, PageID #80; ECF No. 12-4, ¶ 10, PageID #88.) Accordingly, the record establishes an oral offer because it was "the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." *McSweeney*, 117 Ohio App. 3d at 631–32 (citing *Leaseway Distrib. Centers, Inc. v. Department of Admin. Servs.*, 49 Ohio App. 3d 99, 105, 550 N.E.2d 955, 961–62 (1988)). Further, "[i]t is well-recognized that a party may be bound by the conduct of his or her attorney in reaching a settlement." *Bromley v. Seme*, 2013-Ohio-4751, 3 N.E.3d 1254, ¶ 25 (Ohio Ct. App.) (citation omitted).

**I.B. Acceptance**

On July 24, 2025, counsel for Plaintiff emailed defense counsel, writing that, "[a]fter significant consideration, [Plaintiff] is willing to accept your client's settlement proposal subject to the terms and conditions set forth in the attached draft." (ECF No. 12-3, PageID #84–85.) Also, counsel for Plaintiff asked defense counsel to "[p]lease red-line any proposed revisions" in the draft attached to the email. (*Id.*) Counsel spoke on the phone on July 30, 2025, in which defense counsel told Plaintiff that she had confirmed the terms of the settlement agreement but requested

another day for Defendant to execute and return the agreement. (ECF No. 12-1, PageID #70; ECF No. 12-4, ¶ 11, PageID #88.)

Plaintiff's July 24, 2025 email constituted a written acceptance because it was "[t]he manifestation of assent by the offeree" acknowledging the terms of the oral offer. *McSweeney*, 117 Ohio App. 3d at 632 (citing 2 Lord, Williston on Contracts (4 Ed. 1991) 8–9, Section 6:1). An email response accepting the terms of an agreement is a valid form of acceptance. *North Side Bank & Trust*, 2020-Ohio-1470, at ¶ 21. Because the parties agreed on the essential terms, and all that remained was to memorialize the agreement in writing, the parties were bound by the terms of the oral agreement." *RE/MAX Int'l*, 271 F.3d at 646 (citing *Brock*, 841 F.2d at 154; *Kukla*, 483 F.2d at 621).

\* \* \*

For all of these reasons, the Court finds that Plaintiff has met its burden to demonstrate that it entered into a settlement agreement with Defendant under Ohio law. *Bruzzese*, 998 F. Supp. 2d at 669 (citing *Kostelnik*, 2002-Ohio-2985, at ¶ 16). In their communications, the parties evinced a meeting of the minds on the essential terms, which were definite and certain. *Episcopal Ret. Homes*, 575 N.E.2d at 137; *Bruzzese*, 998 F. Supp. 2d at 670; *North Side Bank & Trust*, 2020-Ohio-1470, at ¶ 21. Specifically, Defendant agreed to make monthly installment payments over the course of ten months, with a payment of $5,000 in August and $5,000 in September, followed by $10,000 each month beginning in October. (ECF No. 12-1, PageID #69.) Further, the parties allegedly agreed to a stipulated judgment that would be for "the full amount claimed in the Complaint along with incurred attorney's fees and costs."

7

(*Id.*, PageID #70.)  All these terms appear in Plaintiff's email to defense counsel on July 24, 2025.  (ECF No. 12-3, PageID #84–85.)

## II. Breach of Contract

To establish a claim for breach of contract under Ohio law, a plaintiff must prove:  (1) the parties entered into a contract; (2) the plaintiff performed; (3) the defendant breached a contractual duty; and (4) the breach resulted in damage or loss to the plaintiff.  *V & M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465 (6th Cir. 2012).  Plaintiff alleges that Defendant violated the settlement agreement because it failed to "make the first required settlement payment and fail[ed] to cure said payment when notified of the default by Columbia."  (ECF No. 12-1, PageID #76–77.)

The Court has already determined that the parties entered into a contract.  Further, the record supports the fact that Plaintiff has performed and made multiple attempts to reach out to Defendant to comply.  (ECF No. 12-1, PageID #70 & #76; ECF No. 12-2, ¶ 11, PageID #80; ECF No. 12-3, PageID #83–86; ECF No. 12-4, ¶ 12, PageID #88.)  Also, it is undisputed that the parties agreed that Defendant would make a $5,000 payment on August 15, 2025 pursuant to the settlement agreement, but it never did.  (ECF No. 12-1, PageID #70; ECF No. 12-2, ¶ 12, PageID #80.)  Nor did it cure or respond to its default of the settlement agreement.  (ECF No. 12-1, PageID #70; ECF No. 12-2, ¶ 14, PageID #81.)  Finally, it is undisputed that, "[a]s a direct result of Defendant's breach, Columbia has suffered damages in the form of unpaid claims deductibles owed under the insurance policy it provided to Defendant." (ECF No. 12-1, PageID #77.)

For all of these reasons, the Court determines that Defendant breached the settlement agreement by failing to make the $5,000 payment on August 15, 2025.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to enforce the settlement agreement. (ECF No. 12.) The Court directs Plaintiff to make a submission as soon as practicable substantiating any all and claimed damages, which the Court will reduce to judgment.

**SO ORDERED.**

Dated: September 15, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio